UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | | |
|---|---|---|
| CAPITAL FOUNDRY FUNDING, LLC, | : | |
| | : | **COMPLAINT** |
| **Plaintiff,** | : | |
| | : | ____ Civ. _____ (_____) (_____) |
| -against- | : | |
| | : | |
| IRVIN RANDAL KARR | : | |
| | : | |
| -and- | : | |
| | : | |
| RICHARD ROBERTS | : | |
| | : | |
| -and- | : | |
| | : | |
| RICK MARCINIAK, | : | |
| | : | |
| **Defendants.** | : | |

-------------------------------------------------------------x

Plaintiff, Capital Foundry Funding, LLC ("Capital Foundry" or "Lender"), by undersigned counsel, complaining of the defendants, Irvin Randal Karr, Richard Roberts and Rick Marciniak (collectively, the "Defendants"), alleges as follows:

## THE PARTIES

1. Plaintiff Capital Foundry is a Delaware limited liability company having its principal place of business located at 945 Liberty Avenue, Suite 500, Pittsburgh, Pennsylvania 15222, and is authorized to do business in the State of New York. All members of Capital Foundry are citizens of either the Commonwealth of Pennsylvania or the State of Maryland.

2. Mr. Karr, defendant, is an individual residing at 785 Hustleville Road, Albertville, Alabama 35951, a domiciliary of the State of Alabama, and a citizen of the United States of America. For purposes of diversity jurisdiction, Mr. Karr is a citizen of the State of Alabama.

3.      At all relevant times, Mr. Karr was the President and co-founder of Stratus Interoperable, Inc. ("Stratus" or "Borrower"), and he regularly conducted business in this district.

4.      Mr. Roberts, defendant, is an individual residing at 1151 W. 7th Street, Apt. 715, Fort Worth, Texas 76102, a domiciliary of the State of Texas, and a citizen of the United States of America.  For purposes of diversity jurisdiction, Mr. Roberts is a citizen of the State of Texas.

5.      At all relevant times, Mr. Roberts was the Chief Technology Officer of Stratus, and he regularly conducted business in this district.

6.      Mr. Marciniak, defendant, is an individual residing at 541 E. 3rd Street, Apt. 2, Boston, Massachusetts 02127, a domiciliary of the Commonwealth of Massachusetts, and a citizen of the United States of America.  For purposes of diversity jurisdiction, Mr. Marciniak is a citizen of the Commonwealth of Massachusetts.

7.      At all relevant times, Mr. Marciniak was the Chief Marketing Officer and co-founder of Stratus, and he regularly conducted business in this district.

## VENUE

8.      Venue of this action is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Capital Foundry's claims occurred in this district and a substantial part of property that is the subject of this action is located in Rockland County, New York.

## JURISDICTION

9.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) in that there is complete diversity of citizenship between plaintiff and defendants and this is a civil action wherein the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## FACTUAL ALLEGATIONS

**The Loan Documents**

10.     Capital Foundry and Stratus entered into a Loan Agreement for $500,000 Revolving Line of Credit (the "Loan Agreement") dated as of December 27, 2017.  A copy of the Loan Agreement is annexed hereto as Exhibit 1.

11.     Stratus's monetary and other obligations under the Loan Agreement are hereinafter collectively referred to as the "Obligations."

12.     Under Section 8.01 of the Loan Agreement, "[t]he failure of the Borrower to pay when due (whether by demand, stated maturity, acceleration of otherwise) . . . any principal, interest or other amount under this Agreement, the Notes, or any other Loan Document" constitutes an Event of Default under the Loan Agreement.

13.     Upon occurrence of an Event of Default specified in Section 8.01 of the Loan Agreement, Section 9.01(b) of the Loan Agreement states that the "unpaid principal balance of the Notes and all unpaid interest and fees thereon and all other Obligations shall be immediately due and payable without demand, presentment or notice of any kind (all of which the Borrower hereby waives)."

14.     By the terms of the Loan Agreement and to secure the payment and performance of the Obligations, Capital Foundry and Stratus entered into a Security Agreement, wherein Stratus pledged, assigned, and granted to Capital Foundry a lien and security interest in certain "Collateral" defined therein.  A copy of the Security Agreement is annexed hereto as Exhibit 2.

15.     Among other things, pursuant to the Security Agreement, Stratus transferred all of its accounts receivable to Capital Foundry and granted a security interest in all of Stratus's accounts, inventory, personal property, and general intangibles to Capital Foundry.  The Collateral also

includes all of Stratus's software and access codes to such software (collectively, the "Software").

16.     Article V(ii) and Exhibit A to the Security Agreement require that the Collateral be located at 503 Avalon Gardens Drive, Nanuet, New York 10954.

17.     On December 27, 2017, pursuant to the Loan Agreement, Capital Foundry and Stratus entered into a Revolving Credit Note (the "Note") in the original principal amount of $500,000.00.  A copy of the Note is annexed hereto as Exhibit 3.

18.     The Note included Stratus's promise to make certain payments to Capital Foundry and to perform various other obligations.

19.     In accordance with its rights under the Loan Agreement, Capital Foundry caused a UCC-1 financing statement to be filed against Stratus with the Delaware Division of Corporations as File No. 20178310247, perfecting its security interest in the Collateral under the Delaware Uniform Commercial Code.  A copy of the financing statement is annexed hereto as Exhibit 4.

20.     Collectively, the Loan Agreement, the Security Agreement, the Note, and all other related documents, instruments and agreements evidencing Stratus's obligations and indebtedness to Capital Foundry are referred to as the "Loan Documents."

**Defaults and Acceleration**

21.     Stratus breached the terms of the Note by failing to make payments to Capital Foundry when and as due.

22.     Due to Stratus's default under the Note, Capital Foundry accelerated all amounts outstanding under the Note.

23.     Stratus failed and refused to make payment of its outstanding obligations to Capital Foundry.

24.     As a direct and proximate result of Stratus's breaches of the Loan Documents, Capital Foundry has suffered injury in the principal amount of $251,187.97, together with interest, fees, and expenses of $24,221.82 as of October 23, 2019, plus reasonable attorneys' fees, interest, costs of this action, and other expenses incurred by Capital Foundry in enforcing its rights under the Loan Documents.

25.     Section 6.16 of the Loan Agreement provides that Capital Foundry has the right to demand termination of the use by Stratus of its Software if there exists an Event of Default under the Loan Agreement.

26.     The Security Agreement entitles Capital Foundry to immediate possession of the Collateral upon Stratus's default.  Due to Stratus's breach of the Loan Agreement, Stratus is in default of the Security Agreement, and, as a result, Capital Foundry is entitled to immediate possession of the Collateral.

27.     Capital Foundry demanded that Stratus surrender possession of the Collateral, including the Software, which demand Stratus refused.

28.     On June 20, 2019, Capital Foundry, through counsel, demanded that the Defendants surrender possession of the Collateral, including the Software, which demand the Defendants refused.  A copy of the letter from Capital Foundry's counsel to the Defendants is annexed hereto as Exhibit 5.

29.     The Defendants fail and refuse to remit the Collateral, including the Software, to Capital Foundry.

30.     The Collateral has an estimated value of at least $275,409.79.

## COUNT ONE

31.     Capital Foundry repeats and realleges paragraphs 1 through 30 herein.

32.     Capital Foundry holds a perfected security interest in substantially all of Stratus's assets, including without limitation, its Software.

33.     Pursuant to the Security Agreement, Stratus is required to deliver to Capital Foundry all such Collateral, including the Software, upon Stratus's default.

34.     Upon information and belief, Stratus is no longer operating, yet the Defendants, as officers of Stratus, retain possession of the Collateral, including the Software, without surrendering the same to Capital Foundry.

## COUNT TWO

35.     Capital Foundry repeats and realleges paragraphs 1 through 34 herein.

36.     The Security Agreement entitles Capital Foundry to immediate possession of the Collateral, including the Software, upon Stratus's default.  Due to Stratus's breach of the Loan Agreement, Stratus is in default of the Security Agreement, and, as a result, Capital Foundry is entitled to immediate possession of the Collateral.

37.     Upon information and belief, Stratus is no longer operating.

38.     Capital Foundry demanded that the Defendants surrender possession of the Collateral, which demand the Defendants refused.

39.     The Defendants unjustly retain possession of the Collateral without authorization or permission of Capital Foundry and despite Capital Foundry's demand for return of the Collateral.

40.     As a direct and proximate result of the Defendants' unjust detention of the Collateral, Capital Foundry has suffered and will continue to suffer injury in the amount of

6

$275,409.79, plus reasonable attorneys' fees, interest, costs of this action, and other expenses incurred by Capital Foundry in enforcing its rights under the Loan Documents.

## COUNT THREE

41.    Capital Foundry repeats and realleges paragraphs 1 through 40 herein.

42.    Capital Foundry holds a perfected security interest in substantially all of Stratus's assets, including without limitation, the Software.

43.    The Defendants have no right, title, claim or interest in and to the Collateral.

44.    The Defendants are not entitled to assert any statutory lien or other claim against the Collateral.

45.    The Defendants' unjust retention of the Collateral and refusal to turn over the Collateral to Capital Foundry after demand is an intentional and unlawful exercise of ownership, dominion and control by the Defendants of Capital Foundry's Collateral and constitutes the Defendants' denial and repudiation of Capital Foundry's rights to immediate and final possession of its Collateral.

46.    The Defendants knew that they did not own or have any claim to possession of the Collateral at the time they came into possession thereof.  Despite this, the Defendants refuse to pay or surrender the Collateral to Capital Foundry.   The Defendants are deliberately preventing Capital Foundry from mitigating its damages and protecting its interest in its Collateral.

47.    The Defendants are using and consuming the Collateral without making payment to Capital Foundry.

48.    Capital Foundry demands judgment against the Defendants, jointly and severally, for their conversion in the amount of $275,409.79, or such amount as may be proved at trial, plus interest, costs and fees, including attorneys' fees.

**WHEREFORE:**

Plaintiff, Capital Foundry Funding, LLC, demands:

1.  On the first claim against the Defendants, jointly and severally, judgment directing a turnover of all personal property which constitutes Capital Foundry's Collateral, including without limitation, all of Stratus Interoperable, Inc.'s accounts, inventory, personal property, general intangibles, and Software.

2.  On the second claim against the Defendants, promptly schedule a hearing with prior notice to the Defendants to determine whether an order of seizure should be issued for the immediate seizure and delivery to Capital Foundry of all personal property which constitutes Capital Foundry's Collateral, and, jointly and severally, judgment awarding the recovery of possession of the Collateral and final possession of the Collateral to Capital Foundry and, jointly and severally, judgment in the amount of $275,409.75, or such amount as may be proved at trial, plus interest, costs, and fees, including attorneys' fees.

3.  On the third claim against the Defendants, jointly and severally, judgment in the amount of $275,409.75, or such amount as may be proved at trial, plus interest, costs, and fees, including attorneys' fees.

4.  On all claims hereunder, such other and further relief as maybe appropriate.


Dated: October 31, 2019                          **Friedberg PC**

                                            _____/s/ Gordon S. Young_____
                                            Gordon S. Young (GY-8331)
                                            10045 Red Run Boulevard, Suite 160
                                            Baltimore, Maryland 21117
                                            (410) 581-7400
                                            (410) 581-7410 (facsimile)
                                            gordon.young@friedberg.legal

                                            *Attorneys for Capital Foundry Funding, LLC*