UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CAPITAL FOUNDRY FUNDING, LLC,

                Plaintiff,

-v-

IRVIN RANDAL KARR, et al.

                Defendants.

Case No. 19-CV-10124 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

On November 7, 2019, Plaintiff submitted an application requesting that the Court issue an Order To Show Cause and subsequent Order of Seizure against Defendants (the "Application"). (*See* Proposed Order to Show Cause ("Proposed Order"); Pl.'s Mem. of Law in Supp. of Mot. for an Order of Seizure ("Pl.'s Mem."); Decl. of John Fox in Supp. of Mot. for an Order of Seizure ("Fox Decl.") (Dkt. Nos. 9–11).) For the reasons that follow, Plaintiff's Application is denied without prejudice. Plaintiff is instructed to submit a new application correcting the deficiencies identified below.

This is an Action pursuant to Federal Rule of Civil Procedure 64 and New York Civil Practice Law and Rules ("CPLR") § 7102 seeking an Order of Seizure of collateral allegedly wrongfully held by Defendants Irvin Randal Karr, Richard Roberts, and Rick Marciniak (collectively, "Defendants"). Defendants were previously officers of Stratus Interoperable, Inc. ("Stratus") before Stratus ceased operations. (Pl.'s Mem. 1.)

Plaintiff alleges that it entered into a loan agreement (the "Loan Agreement") and related documents with Stratus on December 27, 2017 for a $500,000 revolving line of credit. (*Id.* at 1–2; Fox Decl. Ex. 1 ("Loan Agreement").) As a result, Stratus allegedly granted Plaintiff "a

security interest in all of Stratus's accounts, inventory, personal property, and general intangibles, including Stratus's software and access codes to such software," (the "Collateral"), under a security agreement, (the "Security Agreement"). (Pl.'s Mem. 1–3; Fox Decl. Ex. 2 ("Security Agreement").) On the same date, Plaintiff and Defendants also entered into a Revolving Credit Note (the "Note") in the original principal amount of $500,000. (Pl.'s Mem. at 3; Fox Decl. Ex. 3 ("Note").) The Note "included Stratus's promise to make certain payments to [Plaintiff] and to perform various other obligations." (Pl.'s Mem. 3.)

According to Plaintiff, Stratus failed to make payments as required by the Note. (*Id.*) When Plaintiff "accelerated all amounts outstanding under the Note" as a result, Stratus allegedly refused to make any of the required payments. (*Id.*) Plaintiff claims that Stratus breached the Loan Agreement and is in default of the Security Agreement, therefore entitling Plaintiff to "immediate possession of the Collateral." (*Id.* at 4.) On June 20, 2019, Defendants allegedly refused to surrender possession of the Collateral, despite Plaintiff's demand that they do so. (*Id.*; Fox Decl. Ex. 5 ("June 20, 2019 Letter from Pl. to Defs.").) Although Stratus is no longer in operation, "Defendants, as officers of Stratus, retain possession of the Collateral." (*Id.*)

Plaintiff now requests that the Court issue an Order To Show Cause and subsequent Order of Seizure against Defendants, pursuant to Rule 64 and CPLR § 7102. Section 7102 requires that an application for an order of seizure include an affidavit which "clearly identif[ies] the chattel to be seized" and sets forth:

> [(1)] that the plaintiff is entitled to possession by virtue of facts set forth;
> [(2)] that the chattel is wrongfully held by the defendant named;
> [(3)] whether an action to recover the chattel has been commenced, the defendants served, whether they are in default, and, if they have appeared, where papers may be served upon them;
> [(4)] the value of each chattel or class of chattels claimed, or the aggregate value of all chattels claimed;

2

[(5)] if the plaintiff seeks the inclusion in the order of seizure of a provision authorizing the sheriff to break open, enter and search for the chattel, the place where the chattel is located and facts sufficient to establish probable cause to believe that the chattel is located at that place;

[(6)] that no defense to the claim is known to the plaintiff; and

[(7)] if the plaintiff seeks an order of seizure without notice, facts sufficient to establish that unless such order is granted without notice, it is probable the chattel will become unavailable for seizure by reason of being transferred, concealed, disposed of, or removed from the state, or will become substantially impaired in value.

N.Y. C.P.L.R. § 7102. Plaintiff has submitted a Declaration by its Chief Credit Officer (the "Declaration"). (*See* Fox Decl.) While the Declaration satisfies nearly all of the above requirements, it does not indicate whether Defendants have been served with the Complaint attached to the Declaration, as required by § 7102. (*Id.* ¶ 23; *id.* Ex. 6.)

For the foregoing reason, Plaintiff's Application is denied without prejudice. Plaintiff may reapply for an Order To Show Cause and a subsequent Order of Seizure by submitting a declaration that satisfies all requirements of CPLR § 7102 and indicates whether Defendants have been served with the Complaint.

SO ORDERED.

DATED: November 18, 2019
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

3